### RICE & BAKER vs. WITHERS.

In an action for a *libel*, it is competent for a plaintiff to prove that subsequent to the publication, the libel was read in a public assemblage by a third person, and comments made upon it in the presence and hearing of the defendant.

So evidence may be given that the libel was posted in public places by persons unknown, the presumption of the law being that such persons acted at the solicitation and by the procurement of the defendant.

The fact that the defendant at the time of the publication asserts the matters charged as libellous to be true, furnishes no excuse; if true, the truth must be shewn by proof.

THIS was an action for a *libel*, tried at the Rensselaer circuit, in June, 1830, before the Hon. JAMES VANDERPOEL, one of the circuit judges.

The plaintiffs were the proprietors of a line of stage or post coaches plying between Albany and Saratoga Springs for the transportation of travellers and their baggage. The libel stated that on the 12th August, 1828, the defendant took passage in one of the coaches of the defendants from the Springs to Albany; that his baggage, put up in a box, was placed in the forward boot of the carriage; that on his arrival in Albany the box was discovered to be lost; that he called on the plaintiffs and informed them of the loss, who, instead of taking measures for the recovery of the baggage, expressed their dis-

belief that any baggage belonging to the defendant had been lost, and otherwise insulted him, and concluded by cautioning the public against taking passage in the coaches of the plaintiffs, and subjecting themselves to similar treatment. The defendant put in a plea of *justification*.

NEW-YORK,
May, 1832.

Rice
v.
Withers.

The libel was alleged in the declaration to have been published on the 13th day of August, 1828. On the trial its publication was admitted; it was then proved that on the 14th August, 1828, the defendant arrived at the *United States Hotel*, at Saratoga Springs, and immediately exhibited handbills containing the libel to about fifty gentlemen who gathered about him, and proceeded to the other principal hotels in the place, at each of which he distributed handbills. On the next morning, at the breakfast table of the United States Hotel, where upwards of 150 persons were assembled, a gentleman publicly read the libel and commented upon it, urging his hearers to avoid travelling in the plaintiffs' coaches, upon which occasion the defendant was present. The plaintiffs further proved that after the publication of the libel by the defendant, handbills containing the libel were put up by persons unknown, at public houses and other places in Albany and at the Springs, and deterred travellers from travelling in the plaintiffs' coaches. The plaintiffs further proved the delivery of a copy of the libel by the defendant to keeper of a hotel in Waterford, who cautioned him that he was proceeding rashly, to which he answered, that the publication was a true exposition of the circumstances of the case. It further appeared that in the conversations of the defendant at the Springs on the subject of the libel, he uniformly insisted that the circumstances set forth in the publication were true. The evidence of what occurred at the breakfast table, and the putting up of the handbills by unknown persons was objected to by the defendant, but the objections were overruled. When the evidence was closed, the defendants' counsel requested the judge to charge the jury that the declarations of the defendant as to the truth of the circumstances detailed in the publication were conclusive evidence of such truth, and that they ought to find a verdict for the defendant; but the judge, instead of doing so, charged the jury that such declarations would not author-

ize them to find for the defendant. The jury found a verdict for the plaintiffs for $1000 damages, which the defendant now moved to to set aside.

*D. Gardner & J. P. Cushman,* for defendant.

*J. McKown & W. Darling,* for plaintiffs.

*By the Court,* SAVAGE, Ch. J. The evidence of the reading of the libel at the breakfast table of the United States Hotel, and of the comments made upon it, was properly received. The handbills were published by the defendant with the avowed purpose of injuring the plaintiffs by deterring strangers from travelling in their coaches. The evidence merely proved the success of the defendant. The comments were bottomed upon the handbill which had the defendant's signature, and was read in his hearing; by his silence, as well as by his publication, he assented to the course pursued by the reader of the handbill; and if the plaintiffs were injured by it, the defendant should be responsible.

The plaintiffs further offered to prove that persons unknown had both at Albany and Saratoga Springs put up the handbils in public houses, and otherwise deterred travellers from travelling in their coaches. This evidence was objected to, on the ground that the plaintiffs could not prove any special damage not specified in the declaration; but the judge received it, to shew the extent of the publication of the libel. In this I appprehend he was right. The defendant having procured the handbills to be printed, must be responsible for the circulation of them. The publication, under such circumstances, should be presumed to be done at his solicitation, and by his procurement, unless he prove the contrary.

The plaintiffs, further to prove the publication, gave in evidence a conversation of the defendant, on the 14th or 15th of August, 1828, and on the cross-examination of the witness it was testified that the defendant declared the facts stated in the handbill were true. Thereupon the defendant's counsel insisted that the declarations of the defendant were conclusive evidence of the truth of the facts stated. The judge

charged the jury that such declarations were not sufficient evidence of the truth of the allegations, and in this also he was right. If the law was as contended for by the defendant's counsel, it must be applicable to verbal as well as written slander. In the case of verbal slander there is no way of proving it but by the declarations of the defendant; and if those declarations were proof of the facts asserted, every defendant could justify, and no recovery would be had against him. If the principle that the whole of a defendant's declaration is to be taken together is applicable to a case like this, all the defendant could claim would be that his declarations at that time should be considered as neutralized, so that from the whole conversation no cause of action was made out. But the fact of publication had been already abundantly shewn; indeed was admitted upon the record, and the defendant was bound to prove the truth by testimony. On the whole, I am satisfied that a new trial should be denied.